REQUESTED BY: Dear Senator:
You state that you have prepared a motion to return LB 469 for reconsideration. Before you do so, you ask for an interpretation of the bill, as presently written.
LB 469 provides for submission to the voters of a constitutional amendment which would read:
 "`Sec. 12. For the purpose of acquiring and redeveloping substandard or blighted property in a redevelopment project as determined by law, any city or village of the state may, notwithstanding any other provision in the Constitution, and without regard to charter limitations and restrictions, incur indebtedness, whether by bond, loans, notes, advance of money, or otherwise. Such cities or villages may also pledge for and apply to the payment of the principal, interest, and any premium on such indebtedness all taxes levied by all taxing bodies, which taxes shall be at such rate for a period not to exceed fifteen years, on the assessed valuation of the property in the project area that is in excess of the assessed valuation of such property for the year prior to such acquisition and redevelopment.
 "`When such indebtedness and the interest thereon have been paid in full, such property thereafter shall be taxed as is other property in the respective taxing jurisdictions and such taxes applied as all other taxes of the respective taxing bodies.'"
As we understand the proposed constitutional amendment, there would not be a separate levy for the payment of the bonds, but the regular levies of `all taxing bodies,' apparently meaning the county, school districts, city or village, etc., would be levied against the real estate. The portion of such levies represented by the difference between the assessed valuation of the property before acquisition and redevelopment and the valuation at the time of levy would, instead of being paid to the taxing entities involved, be paid into a fund for the payment of the bonds. As we understand it, then, there would be no difference in the taxation of the property, but only in the disposition of the proceeds of the tax.
You ask whether there is a conflict, between the fifteen year provision of the first paragraph and the provision of the second paragraph that when the indebtedness and interest `have been paid in full' the property shall thereafter be taxed as other property. The question, of course, is what happens if the indebtedness and interest thereon have not been paid in full at the end of fifteen years.
There is, undoubtedly, a conflict although we believe the court would resolve the conflict in favor of the fifteen year limitation. It is a rule of statutory construction, which would also apply to constitutional construction, that the court will attempt to give some meaning and effect to every word in the statute. If the court were to permit the application of the taxes to the indebtedness for a period beyond fifteen years, the fifteen year limitation would be completely meaningless. However, if the two provisions were interpreted to mean that the application could continue until the bonds were paid off, or for fifteen years, whichever occurred sooner, meaning would be given to both provisions. We are therefore of the opinion that that is the construction the court would adopt.
We also call your attention to the fact that some of the language of the proposed amendment is quite confusing. The first paragraph says, that cities and villages may pledge all taxes levied by all taxing bodies on the increased valuation of the property, `which taxes shall be atsuch rate for a period not to exceed fifteen years.' What rate is meant by `such rate?' Presumably the levies of the various taxing bodies will vary from year to year, and as we understand the plan, such varying rates would be applied to the property in question just like they are to all other property. The language we have quoted, however, seems to imply that there is to be some sort of fixed rate applied to the excess valuation. If so, we don't understand how the system is supposed to work.
We also call your attention to the provision in the second paragraph, to the effect that after the indebtedness is paid in full, `such property thereafter shall be taxed as is other property in the respective taxing jurisdictions.' Again, this is confusing to us, since, as we previously explained, under our understanding of the plan the property would be taxed as other property at all times, and it would be only the disposition of the proceeds of the tax that would be handled differently under this amendment.
These matters raise a question in our minds as to whether some other system is contemplated by the amendment which has not been articulated clearly enough for us to understand it.